UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JAN 27 A II: 55
US DISTRICT COURT
BRIDGEPORT

KYLE COLLINS

V.

WARDEN

PRISONER
CASE NO. 3:02CV266 (WWE)

RULING ON MOTION TO REOPEN

Pending before the Court is the petitioner's motion to reopen judgment and motion for injunction. For the reasons set forth below, the motions will be denied.

On March 22, 2002, the Court issued a Notice to Petitioner of Insufficiency and directed the petitioner to submit a prisoner authorization form within thirty days. The petitioner failed to submit the form. On April 25, 2002, the Court entered judgment dismissing the case without prejudice. The petitioner now seeks to reopen the case. He contends that the prison officials at Cheshire Correctional Institution interfered with his ability to respond to the court's order. The petitioner has still not complied with the Court's order to submit a prisoner authorization form.

Rule 60(b), Fed. R. Civ. P., provides that the court may relieve a party from a final judgment because of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .;(3) fraud . . . misrepresentation or

other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been released, satisfied or discharged . . .; or (6) any other reason justifying the relief from the operation of judgment." Rule 60(b), Fed. R. Civ. P. Any motion pursuant to subsections (1), (2) or (3), however, must be filed not more than one year after the entry of judgment. The power to rescind or alter a final judgment given to the court under Rule 60(b) is an extraordinary power that should only be invoked in extraordinary circumstances. See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

Here, the plaintiff does not specify under which subsection he files his motion. Clearly, subsections (1), (2) and (3) are inapplicable because he filed the motion more than one year after judgment entered in this action. In addition, subsections (4) and (5) do not apply. Even if the Court were to construe the motion as filed pursuant to subsection (6), it is unclear from the motion why the petitioner took no action to reopen this case in twenty months. The Court notes that the petitioner filed another action in this Court on April 16, 2003, Collins v. Rodriegues, Case no. 3:03cv697 (AWT). At that time, the petitioner was incarcerated at MacDougall Correctional Institution. The petitioner does not explain why he was unable to respond to the Court's notice after he was transferred from Cheshire Correctional Institution. Thus, the Court concludes

2

that the petitioner has failed to provide a sufficient reason to justify reopening this case.

Accordingly, the plaintiff's Motion to Reopen [doc. # 5] is DENIED. The petitioner's Motion for Injunction [doc. # 5], in which he asks the court to award him punitive damages, is DENIED as moot.

SO ORDERED.

Entered this 27th day of January, 2004, at Bridgeport, Connecticut.

_____
Warren W. Eginton
Senior United States District Judge